STATE OF MAINE                          DISTRICT COURT
ANDROSCOGGIN, SS.                       EIGHTH DISTRICT AT LEWISTON
                                        CIVIL ACTION
                                        DOCKET NO. CV-08-128

JAMES A. PITTMAN,          RECEIVED & FILED

            Plaintiff
                           MAY 12 2010
    v.                     ANDROSCOGGIN DECISION AND JUDGMENT
                           SUPERIOR COURT
MEGAN GRIFFEY and
JASON PARKS,

            Defendants

## I. NATURE OF CASE

This is an action initiated by complaint in the District Court at Lewiston, but assigned for trial without a jury in Superior Court.[1] The complaint alleges that the parties entered into a lease for a single-family home at 40 Malibu Drive in Auburn, that the defendants breached the lease and the plaintiff obtained a forcible entry and detainer judgment against the defendants with costs.

The plaintiff's complaint seeks money damages based on his allegations that the defendants did not pay rent as agreed by the lease, did not vacate the premises when required, failed to purchase heating oil or pay for utilities, failed to surrender keys, and committed damage and waste to the premises beyond normal wear and tear. The defendants filed a pro se unsigned answer. They agree that they entered into the lease and fell behind in rent payments, but deny the essential allegations that would entitle the plaintiff to an award for other damages.

---

[1] Pursuant to standard practice for trials expected to take more than two hours.

## II. FINDINGS

At trial, the plaintiff presented evidence through the testimony of Lawrence Moreau, the general manager of plaintiff's several businesses and through numerous exhibits that were admitted prior to trial without objection. Mr. Moreau has acted for and on behalf of the plaintiff through a general power of attorney for more than twenty years. Defendant Megan Griffey testified on her own behalf and offered a number of exhibits that the court has reviewed and considered.

After hearing, the court makes the following findings by a preponderance of evidence:

1. The parties entered into a one-year lease agreement, Pl.'s Ex. A, on October 23, 2006, with a beginning date of November 1, 2006.

   a. Rent was to be $850 per month due on the first of each month subject to a "late payment penalty of four percent (4%) . . . whenever the rent is fifteen (15) days or more overdue."

   b. If the rent was not paid by the 7th of the month, plaintiff could initiate a seven-day notice of eviction.

   c. The lease required defendants to:

      • keep the premises in a "clean and sanitary condition;"

      • have no animals or pets other than one cat; and *inter alia,*

      • be responsible for electric services, water, sewer, and heating costs with the tenant to be "responsible to establish accounts with utility companies."

   d. The defendant was to make a deposit with plaintiff equal to one month's rent as a security deposit.

   e. There was a $100 fee at move out to professionally clean the carpets with an option for the defendant to have them cleaned.

   f. "Failure to pay rent when due shall constitute a forfeiture of all rights under [the] lease at the option of the landlord."

2

2.	The defendants quickly fell behind in their rent payments resulting in the plaintiff issuing a notice to quit.

3.	On August 13, 2007, the parties entered into a written amendment of the lease, Pl.'s Ex. B, which amendment called for a new schedule of rental payments of $1,280 per month beginning August 14, 2007, through January 1, 2008. This schedule for increased payments was intended to get the defendants up to date by the beginning of 2008.

4.	The defendants quickly fell behind again, and the plaintiff initiated a Forcible Entry and Detainer action[2] resulting in an agreed-to judgment and issuance of a Writ of Possession on January 3, 2008, for the premises at 40 Malibu Drive. Costs of $141 were assessed against the defendants.

5.	The defendants agreed to vacate by December 30th and return to clean on the 31st.

6.	When Moreau inspected the premises on January 2, 2008, it was obvious that, notwithstanding a notice on the door stating: "We are not done here. . . . We will be back to finish and clean," but they had not done so. See Pl.'s Ex. R-1.[3]

7.	The plaintiff's evidence clearly establishes that when the defendants abandoned the property they left it very dirty, cluttered with trash, and there was damage to the floors, carpets, and walls. Pl. Ex. R-2, 3, 4, 5, 6, 7, 8, 9, 11, 13, 14, 15, 16, and 17. There is no evidence that they attempted even a minimal cleaning. Walls and door jams were damaged. Ex. R-6, 7/8, 10, 11, and 12. At least one dog, if not two, was living there in violation of the lease. Pl.'s Ex. Q and Def.'s Ex. B.[4]

8.	It took approximately twelve hours for two of plaintiff's employees to clean the premises at a cost of $720. Pl. Ex. I/I-1.

9.	The defendants failed to pay electric charges of $409.62. Pl. Ex. D, D-1, 2, 3, and 4.

10.	The defendants failed to pay water and sewer charges of $430.45. Pl. Ex. D-5, 6, 7, P, and P-1.

---

[2] Maine District Court, Eighth District, Lewiston, Docket No. SA-07-981.

[3] The plaintiff submitted duplicate sets of photographs as exhibit "R;" however, they were not individually numbered. The court has numbered one set as R-1 through R-18 inclusive.

[4] The defendant asserts that the stick-on letters for "Lauryn's Room," Pl. Ex. R-10, were "Removable [and] won't harm walls." Def.'s Ex. E. Nevertheless they were not removed by defendants.

11. Damaged carpeting had to be replaced at a cost of $1,839.87 for material, Pl.'s Ex. J, and $720 for labor, Pl.'s Ex. E. It was necessary to replace the carpet because of defendants failure to maintain the premises in a clean and orderly manner, but there is no evidence as to the condition of the carpet when the defendant's moved in or as to the age of the carpet. The court therefore determines that the plaintiff is entitled to 50% of the cost to account for depreciation and wear and tear. ($919.94 materials, $30 labor, total $1,279.94).

12. It was necessary to repaint certain areas at a cost of $850. Pl. Ex. F.

13. The plaintiff incurred a waste disposal fee of $23.59 to get rid of the old carpet, Pl. Ex. G, and $45.37 to dispose of other items. Pl. Ex. M, M-1.

14. When the defendants moved in the heating oil tank was full. The lease agreement required that they be responsible for heating costs, Pl. Ex. A, ¶ 3(i). When they moved out they did not refill the tank and they let the oil run out. Plaintiff had to purchase a full tank of oil, pay a charge for an unscheduled delivery and to restart the burner — $834.53. Pl. Ex. L, L-2.

15. The plaintiff also incurred expenses for cleaning supplies, $34.59, Pl. Ex. N, N-1, and for new door locks, $169.85, Pl. Ex. O, O-1.

The court finds that all of these expenses were reasonable and necessarily incurred.

The defendants occupied the premises for fourteen months, from November of 2006 through December of 2007. The total rent due was $11,900, of which the defendants paid $10,610, leaving an unpaid balance of $1,290.

The lease agreement calls for a 4% penalty for rental payments that are overdue by fifteen or more days, Pl.'s Ex. A, ¶ 2; however, the evidence is less than clear as to the amount that is owed as a penalty. The court therefore declines to award any sum as a penalty.

Additionally, the defendants made other miscellaneous cash payments towards rent and expenses totaling $964.83 which the court applies as a credit to the amount owed by defendants.

4

## III. DECISION AND JUDGMENT

Based on the court's findings, the clerk shall make the following entries as the Decision and Judgment of the court:

A.  Judgment for plaintiff James A. Pittman against defendants Megan Griffey and Jason Parks in the amount of $5,123.11, exclusive of costs in the prior Forcible, Entry and Detainer action, no. SA-07-981.

B.  The plaintiff is entitled to prejudgment interest at 6.42% and post-judgment interest at 6.41%.

C.  The plaintiff is awarded costs as allowed by statute and rule.

D.  The judgment as entered against the defendants is joint and several.

SO ORDERED.

DATED: May 12, 2010

Thomas E. Delahanty II
Justice, Superior Court

JAMES A PITTMAN  - PLAINTIFF
1097 CENTER STREET
AUBURN ME 04210
Attorney for: JAMES A PITTMAN
CHARLES C HEDRICK  - RETAINED 02/01/2008
BONNEAU & GEISMAR LLC
100 LISBON ST
PO BOX 7230
LEWISTON ME 04243-7230

vs
MEGAN GRIFFEY  - DEFENDANT
38 BROOKS AVE,
LEWISTON ME 04240
JASON PARKS  - DEFENDANT
38 BROOKS AVE,
LEWISTON ME 04240

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 02/01/2008

## Docket Events:

02/11/2008 FILING DOCUMENT - COMPLAINT FILED ON 02/01/2008

02/11/2008 Party(s):  JAMES A PITTMAN
           ATTORNEY - RETAINED ENTERED ON 02/01/2008
           Plaintiff's Attorney: CHARLES C HEDRICK

02/11/2008 Party(s):  MEGAN GRIFFEY
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/31/2008

02/11/2008 Party(s):  MEGAN GRIFFEY
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 02/01/2008

02/11/2008 Party(s):  JASON PARKS
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/31/2008

02/11/2008 Party(s):  JASON PARKS
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 02/01/2008

02/11/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/11/2008

02/21/2008 Party(s):  MEGAN GRIFFEY,JASON PARKS
           RESPONSIVE PLEADING - ANSWER FILED ON 02/14/2008

02/21/2008 ORDER - SCHEDULING ORDER ENTERED ON 02/21/2008
           JOHN B BELIVEAU , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

02/21/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 05/23/2008

04/23/2008 Party(s):  JAMES A PITTMAN
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/22/2008

06/11/2008 Party(s): JAMES A PITTMAN
            OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 06/09/2008


06/23/2008 Party(s): JAMES A PITTMAN
            DISCOVERY FILING - RULE 26(G) LETTER FILED ON 06/19/2008
            Plaintiff's Attorney: CHARLES C HEDRICK


07/02/2008 HEARING - 26(G) CONFERENCE SCHEDULED FOR 07/22/2008 @ 1:00
            NOTICE TO PARTIES/COUNSEL


07/02/2008 HEARING - 26(G) CONFERENCE NOTICE SENT ON 07/02/2008


07/02/2008 Party(s): JAMES A PITTMAN
            MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/23/2008


07/23/2008 Party(s): JAMES A PITTMAN
            MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 07/22/2008
         '  JOHN B BELIVEAU , JUDGE
            COPIES TO PARTIES/COUNSEL PLAINTIFF SHALL HAVE 14 DAYS FROM DISCOVERY TO FILE SUMMARY
            JUDGMENT.


07/23/2008 ORDER - COURT ORDER ENTERED ON 07/22/2008
            JOHN B BELIVEAU , JUDGE
            ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
            PARTIES/COUNSEL                                          ORDER GRANTING
            ENLARGEMENT OF TIME.


07/23/2008 ORDER - 26(G) ORDER ENTERED ON 07/23/2008
            JOHN B BELIVEAU , JUDGE
            ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
            PARTIES/COUNSEL


07/23/2008 ORDER - 26(G) ORDER ENTERED ON 07/23/2008
            JOHN B BELIVEAU , JUDGE
            ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
            PARTIES/COUNSEL                                          ORDER ON DISCOVERY
            GRANTED, DEFENDANT SHALL HAVE 10 DAYS TO FILE.


07/29/2008 Party(s): JASON PARKS
            OTHER FILING - ENTRY OF APPEARANCE FILED ON 07/22/2008


07/29/2008 Party(s): MEGAN GRIFFEY
            OTHER FILING - ENTRY OF APPEARANCE FILED ON 07/22/2008


08/04/2008 Party(s): MEGAN GRIFFEY,JASON PARKS
            DISCOVERY FILING - INTERROGATORIES FILED ON 08/01/2008


12/04/2008 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 01/12/2009 @ 8:30
            NOTICE TO PARTIES/COUNSEL


12/04/2008 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 12/04/2008


01/12/2009 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 01/12/2009

JOHN B BELIVEAU , JUDGE

01/12/2009 ORDER - PRETRIAL/STATUS ENTERED ON 01/12/2009
        JOHN B BELIVEAU , JUDGE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL

04/06/2009 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 05/13/2009 @ 9:00
        NOTICE TO PARTIES/COUNSEL

04/06/2009 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 04/06/2009

05/19/2009 Party(s):  JAMES A PITTMAN
        LETTER - FROM PARTY FILED ON 05/13/2009

05/19/2009 Party(s):  MEGAN GRIFFEY,JASON PARKS
        OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 05/18/2009

05/19/2009 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 05/13/2009

05/19/2009 ORDER - COURT ORDER ENTERED ON 05/13/2009
        JANE S BRADLEY , JUDGE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL                                        TRIAL TO BE SCHEDULED FOR
        1/2 DAY ASAP

05/26/2009 ORDER - ORDER OF ASSIGNMENT ENTERED ON 05/21/2009
        RICK E LAWRENCE , JUDGE
        1/2 DAY ASSIGNED TO AUBURN SUPERIOR COURT

06/01/2009 TRANSFER - TEMPORARY TRANSFER GRANTED ON 05/21/2009
        RICK E LAWRENCE , JUDGE
        AUBSC

09/04/2009 TRIAL - BENCH SCHEDULED FOR 10/07/2009 @ 9:00

09/23/2009 Party(s):  MEGAN GRIFFEY
        MOTION - MOTION TO CONTINUE FILED ON 09/21/2009
        FROM TRIAL SET FOR 10-7-09

09/23/2009 Party(s):  MEGAN GRIFFEY
        MOTION - MOTION TO CONTINUE GRANTED ON 09/22/2009
        THOMAS E DELAHANTY II, JUSTICE
        TO BE RESCHEDULED FOR 10-29-09 COPIES TO PARTIES ON 09-22-09

09/23/2009 TRIAL - BENCH CONTINUED ON 09/22/2009

09/23/2009 TRIAL - BENCH SCHEDULED FOR 10/29/2009 @ 11:00

10/01/2009 TRIAL - BENCH NOTICE SENT ON 10/05/2009

10/05/2009 TRIAL - BENCH SCHEDULE OTHER COURT ON 10/29/2009 @ 11:00
        AUBSC

10/30/2009 TRIAL - BENCH HELD ON 10/29/2009
    THOMAS E DELAHANTY II, JUSTICE
    Plaintiff's Attorney: CHARLES C HEDRICK
    BOTH DEFENDANT'S APPEARED PRO SE. TESTIMONY HEARD AND EXHIBITS ADMITTED. TAPE NO 337 INDEX
    NO'S 4156-7142 AND TAPE NO 339 INDEX NO'S 33-2520.

03/31/2010 HEARING - 26(G) CONFERENCE CONTINUED ON 07/22/2008
    JOHN B BELIVEAU , JUDGE

05/13/2010 FINDING - JUDGMENT DETERMINATION ENTERED ON 05/12/2010
    THOMAS E DELAHANTY II, JUSTICE
    ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
    PARTIES/COUNSEL

    ORDER - COURT JUDGMENT ENTERED ON 05/12/2010
    THOMAS E DELAHANTY II, JUSTICE
    ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
    PARTIES/COUNSEL
    Judgment entered for JAMES A PITTMAN and against MEGAN GRIFFEY, JASON PARKS in the amount of
    $5123.11.

05/13/2010 FINDING - FINAL JUDGMENT CASE CLOSED ON 05/13/2010

A TRUE COPY
ATTEST: _____
      Clerk